PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BENHUR CARMONA, | ) | |
| | ) | CASE NO. 4:12cv776 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| HONORABLE PREET BHARARA, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** [Regarding ECF No. 1] |

On March 30, 2012, *pro se* Plaintiff Benhur Carmona, who identifies himself as "Secured Party-Creditor & Principal," filed the above-captioned *in forma pauperis* action against Honorable Preet Bharara, John Chastain, Phyllis J. Pyles, and Brent M. Phipps. ECF No. 1. The Complaint was dismissed on June 6, 2012 for failure to pay the filing fee or to file a Financial Application. ECF No. 7. Plaintiff filed a Financial Application and sought reconsideration of the dismissal, which was granted on October 5, 2012, and this case was reopened.[1] ECF No. 11.

The Complaint is unclear, but alleges Defendants "intentionally deprived the plaintiff of his request for proof of claim pursuant to Plaintiff's exhausted 'Private Administrative Process.'. . ." ECF No. 1 at 1. The United States Attorney for the Southern District of New York and the Administrative Office of the United States "stipulated and agree by silence and general acquiescence and became estopped to any defense and stipulated to the facts as they operate in favor of the Claimant-Creditor-and Principal to the injuries claimed being, as evidenced in the record." ECF No. 1 at 1. The Complaint goes on in this vein, and seeks as relief that Plaintiff be

---

[1] Plaintiff had initially filed an unidentified document with the Court that he erroneously believed was the Financial Application. ECF No. 3.

(4:12cv776)

"absolved."  ECF No. 1 at 2.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint."  *Bell Atl. Corp. V. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level upon the assumption that all the allegations in the complaint are true.  *Twombly*, 550 U.S. at 555.  The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (2009).  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id.*

Even construing the Complaint liberally in a light most favorable to the Plaintiff, *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008), it does not contain allegations reasonably suggesting he might have a valid claim.  *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

Accordingly, this action is dismissed under 28 U.S.C. § 1915(e).  Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  Fed. R. App. Pro. 22(b); 28 U.S.C. § 2253.

2

(4:12cv776)

IT IS SO ORDERED.


  December 20, 2012                              /s/ Benita Y. Pearson
Date                                        Benita Y. Pearson
                                            United States District Judge

3